Case 4:19-cv-02653 Document 1-4 Filed on 07/19/19 in TXSD Page 1 of 8

6/6/2019 5:56 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34181986
By: Nelson Cuero
Filed: 6/6/2019 5:56 PM

CAUSE NO._____

| | | |
|---|---|---|
| MANUELA CASTRO-BENAVIDES, | § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| LEXINGTON INSURANCE COMPANY, | § § | |
| Defendant. | § § § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Manuela Castro-Benavides ("Ms. Castro-Benavides"), Plaintiff herein, files this Original Petition against Defendant Lexington Insurance Company ("Lexington") and, in support of her causes of action, would respectfully show the Court the following:

**I.
THE PARTIES**

1. Manuela Castro-Benavidez is a Texas resident who resides in Harris County, Texas.

2. Lexington is an insurance company doing business in the State of Texas which may be served through its general manager or any other officer or director, via certified mail at: C/O ACPC, P.O. Box 25967, Shawnee Mission, KS 6625.

**II.
DISCOVERY**

3. This case is intended to be governed by Discovery Level 2.

**III.
CLAIM FOR RELIEF**

1

4. The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief over $100,000, but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## IV.
## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6. Venue is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in Harris County.

## V.
## FACTUAL BACKGROUND

7. Ms. Castro-Benavides is a named insured under a property insurance policy issued by Lexington.

8. On or about August 22-29, 2017 Hurricane Harvey hit the Texas coast, inclduing the Houston, Texas area, damaging Ms. Castro-Benavides' house and other property. Ms. Castro-Benavides subsequently filed a claim on her insurance policy.

9. Defendant improperly denied and/or underpaid the claim.

10. The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

11. This unreasonable investigation led to the underpayment of Plaintiff's claim.

12. Moreover, Lexington performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

13. Each of the foregoing paragraphs is incorporated by reference in the following:

**A.    Breach of Contract**

14. Lexington had a contract of insurance with Plaintiff. Lexington breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.    Prompt Payment of Claims Statute**

15. The failure of Lexington to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

16. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.    Bad Faith**

17. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18. Defendant violated Section 541.051 of the Texas Insurance Code by:

    (1)    making statements misrepresenting the terms and/or benefits of the policy.

19. Defendant violated Section 541.060 by:

    (1)    misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20. Defendant violated Section 541.061 by:

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4) making a material misstatement of law; and

(5) failing to disclose a matter required by law to be disclosed.

21. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

**D.    Attorneys' Fees**

22.    Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

23.    Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because she is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

24.    Plaintiff further prays that she be awarded all reasonable attorneys' fees incurred in prosecuting her causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

25.    All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## DISCOVERY REQUESTS

26.    Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

27.    You are also requested to respond to the attached interrogatories, requests for production, and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

# IX.
# PRAYER

WHEREFORE, PREMISES CONSIDERED, Manuela Castro-Benavidez prays that, upon final hearing of the case, she recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Ms. Castro-Benavides be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Ms. Castro-Benavides may show herself to be justly entitled.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Noah M. Wexler*
Noah M. Wexler
Texas State Bar No. 24060816
Roland Christensen
Texas State Bar No. 24101222
Jake Balser
Texas State Bar No. 24109155
Jacob Karam
Texas State Bar No. 24105653
Adam Lewis
Texas State Bar No. 24094099
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
nwexler@arnolditkin.com
rchristensen@arnolditkin.com
jbalser@arnolditkin.com
jkaram@arnolditkin.com
alewis@arnolditkin.com
e-service@arnolditkin.com

***ATTORNEYS FOR PLAINTIFFS***

Case 4:19-cv-02653   Document 1-4   Filed on 07/19/19 in TXSD   Page 7 of 8

7/15/2019 9:49 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35112228
By: DANIELLE JIMENEZ
Filed: 7/15/2019 9:49 AM

CAUSE NO. 2019-39251

| | | |
|---|---|---|
| MANUELA CASTRO-BENAVIDES | § § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| LEXINGTON INSURANCE COMPANY | § § | |
| *Defendant* | § | 334TH JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF LEXINGTON INSURANCE COMPANY

Defendant Lexington Insurance Company ("Lexington") files this Original Answer, as follows:

1. Subject to such stipulations and/or admissions that may hereinafter be made, Defendant Lexington enters a general denial pursuant to Rule 92 of the Texas Rules of Civil Procedure, thereby denying every allegation contained in Plaintiff's Original Petition and demanding strict proof thereof as required by laws of the State of Texas.

WHEREFORE, Defendant Lexington Insurance Company prays that the relief sought in Plaintiff's Original Petition be denied, that Plaintiff takes nothing, and that Defendant Lexington Insurance Company goes hence without delay with its costs and all such other and further relief to which it may be justly entitled to receive.

Respectfully submitted,

**EGGLESTON & BRISCOE, LLP**
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100 — Telephone
(713) 951-9920 — Facsimile

By: /s/ *Raymond Gregory*

    Raymond L. Gregory II
    Texas Bar No. 08438275
    rlg2@egglestonbriscoe.com
    John Michael Raborn
    Texas Bar No. 24057364
    jmr@egglestonbriscoe.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

    I certify that on July 15, 2019, a true and correct copy of the foregoing was forwarded to all counsel of record, including those listed below, via any proper method of service allowed by the Texas Rules of Civil Procedure, the Local Rules for this Court, or any method of service agreed to in writing by the parties:

    Noah M. Wexler
    Roland Christensen
    Jake Balser
    Jacob Karam
    Adam Lewis
    Arnold & Itkin, LLP
    6009 Memorial Drive
    Houston, Texas 77007
    (713) 222-3850 – Fax
    nwexler@arnolditkin.com
    rchristensen@arnolditkin.com
    jbalser@arnolditkin.com
    jkaram@arnolditkin.com
    alewis@arnolditkin.com
    e-service@arnolditkin.com

/s/ *Raymond Gregory*
Raymond L. Gregory II